## EMERIC *v.* TAMS.

In an action of foreclosure, where the complaint has a copy of the mortgage annexed, to which it refers, *Held* that a correct description of the land in the mortgage is sufficient for the purposes of the suit.

Foreclosure suits are not governed by the fifty-eighth section of the Practice Act.

In a judgment in a suit on a note bearing interest, the interest is to be computed and made part of the judgment, and the judgment to bear the agreed interest.

APPEAL from the District Court of the Seventh Judicial District, County of Contra Costa.

The opinion of the Court discloses the facts and the points made by appellant, except the third point, which was an objection to the interest due being made part of the judgment, and made to draw interest as a part of it.

*McDougall, Aldrich & Sharp,* for Appellant.

*H. Mills and H. Allen,* for Respondent.

The opinion of the Court was delivered by Justice TERRY.    Mr. Chief Justice MURRAY concurred.

This was an action to foreclose a mortgage on real property.

The first point made by appellant is, that the Court erred in over-ruling the demurrer to the complaint, because it contained no sufficient description of the land.    The complaint refers to the mortgage (a copy of which is attached) which contains a sufficient description of the premises for the purposes of the suit.    The action was not for the re-covery of lands, and, therefore, not governed by the fifty-eighth sec-tion of our Practice Act.

The second point, that the Court erred in ordering a reference, without the consent of defendant, is equally without foundation.    The defendant having failed to answer within the time allowed by the Court in overruling the demurrer, a default was entered, and the Court, in strict conformity with the one hundred and fiftieth section of the Practice Act, ordered a reference for the purpose of ascertaining the amount due the plaintiff by defendant.

The third point was decided by this Court in the case of Guy v. Franklin, delivered at the October Term, 1855.    The fourth point is not sustained by the record.

Upon the whole, we are satisfied that this must be treated as a delay case.    Judgment affirmed with ten per cent damages and costs.