F. E. CORCORAN, AND ELIZABETH CORCORAN, HIS WIFE *v.* J. G. DOLL, AND J. L. SIMPSON.

INTEREST ON JUDGMENT.—When the judgment is not rendered by default, but upon answer and after trial, the interest may be added to the principal, and the

judgment may direct the whole sum to draw the same rate of interest which the principal drew by the contract, although the complaint does not pray that the judgment draw interest.

PROOF OF SIGNATURE TO NOTE.—If the complaint contains a copy of the note sued on and is not verified, and the answer denies its execution, but is not sworn to, the note is admissible in evidence without proof of the genuineness of the signature.

ERASURES ON NOTE.—A party offering a promissory note in evidence is not obliged before the same is admitted to account for an erasure appearing upon the face of it, unless the erasure has been made or appears to have been made after the execution of the instrument, and is on a part of the note which is material to the point in dispute.

ERASURES ON PRINTED NOTE.—When a printed form of a promissory note is used and an erasure is made only as to the printed matter, the presumption is that it was made prior to the execution of the note and to suit the terms agreed on by the parties.

VARIANCE BETWEEN NOTE AND COPY IN COMPLAINT.—If the original note offered in evidence contains an abbreviation for the word "administratrix," and specifies the rate of interest in figures only, and the copy in the complaint gives the word in full and states the rate of interest in words as well as figures, the variance is immaterial.

PLAINTIFFS IN SUIT ON NOTE.—If the promissory note is the separate property of the wife, suit may be brought on it in her name alone, or the husband and wife may sue jointly.

DEFENSE TO NOTE PAYABLE TO ADMINISTRATOR.—If a party brings suit on a note made payable to him as administrator, and is at the time in possession of the same, evidence is not admissible on behalf of the defendant to prove that the plaintiff is not the real party in interest, even if the money loaned for which the note was given belonged to the estate of the deceased.

IDEM.—Perhaps, in such case, if the defendant has a counter claim against the estate of the deceased, and the money due on the note would be assets in the hands of the plaintiff, he could set it up in defense *pro tanto*.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The plaintiffs alleged in the complaint that the plaintiff, Elizabeth Corcoran, on the 17th day of July, 1861, and thence until the 23d day of October, 1862, was the widow of Preston H. Lee, and that on the day last named she intermarried with the plaintiff, F. E. Corcoran, and that the defendants, on the 17th day of July, 1862, in consideration of twenty thousand dollars by said Elizabeth, then loaned them at their request, gave her their promissory note in writing. The following is a copy of the note as set forth in the complaint:

" $20,000.

" RED BLUFF, July 17th, 1862.

" Twelve months after date, without grace, we promise to pay to the order of Mrs. Elizabeth Lee, administratrix, twenty thousand dollars, for value received, with interest at the rate of one and a half (1½) per cent per month from this date until paid, payable quarterly.

" DOLL & SIMPSON.

" No. _____ "

The suit was commenced November 14th, 1864, and the complaint admitted that the interest had been paid up to the 17th day of January, 1864, and prayed for judgment for the principal, and interest from the 17th day of January, 1864, until paid. The pleadings were not verified. The answer denied each and every allegation in the complaint, and also denied that the plaintiffs were the holders or owners of the note. For a further defense the answer set up that the note was given by the defendants in consideration of an assignment of a certain debt which the plaintiff, Elizabeth, then held as the administratrix of the estate of Preston H. Lee, deceased, against the firm of Booth & Co. of Sacramento, which debt existed before the death of said Lee, and that said Elizabeth received the note in her representative capacity as administratrix of the estate of said Lee, and that on the 23d of April, 1863, she ceased to be such administratrix, and one P. F. Doling became the administrator, and that said Elizabeth then delivered the note to said Doling, who was still the owner and holder of the same. On the trial the plaintiffs' attorney offered in evidence the original note, of which the following is a copy :

" $20,000.

" RED BLUFF, Cal., Jan. 17, 1862.

" Twelve months after date, without grace, we promise to pay to the order of Mrs. Elizabeth Lee, Adm'x, at the Banking House of Doll & Simpson, in Red Bluff, Twenty Thousand Dollars, for value received, with Interest at the rate of 1½ per

cent per month from this date until paid, payable monthly quarterly.

"DOLL & SIMPSON.

"No. _____"

The words "at the" were contained in said note in printed script letter; the words "Banking House of Doll & Simpson, in Red Bluff," were contained in said note in printed capital letters; and the word "monthly" in printed script letters, and the erasures were made in red ink lines. The erasures were made by drawing a red line with a pen across the words "at the Banking House of Doll & Simpson, in Red Bluff," and the word "monthly." The defendants objected to its admission, on the grounds—1st, that it appeared upon the face of the note that portions of it had been altered or erased, and that such alterations or erasures had not been accounted for by the plaintiffs; 2d, that the note set out in the complaint is not the same as the note now offered in evidence, and that its execution has not been proven. The Court overruled the objections, severally, and admitted the note in evidence, and counsel for defendants excepted. The plaintiffs here rested their case.

The counsel for the defendants then moved for a nonsuit, because the note was alleged to be the joint property of the plaintiffs, and was proved to be the separate property of Mrs. Corcoran. The Court denied the motion. The defendants then offered to prove the defense set up in their answer. The plaintiffs objected, on the ground of irrelevancy, and the Court sustained the objection. The plaintiffs recovered judgment, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*Edward Tompkins*, for Appellants.

The note was not proven so as to entitle it to be received in evidence. The Practice Act, making the genuineness and due execution of a written instrument copied into the complaint admitted, unless the answer is verified, does not apply

to this case. This action is brought upon the loan of money, and the note is only evidence of the loan. The complaint does not allege a general liability by reason of the note, but a particular liability out of which the note arose. The rule requiring an answer denying the execution of a note copied into the complaint to be verified, is not one requiring a substantial compliance, but a literal one. In this case the original note is not correctly copied into the complaint. Plaintiffs are not therefore entitled to the benefit of the rule. Defendants are not required to answer under oath whether they executed a note resembling the one set out in the complaint, but whether they executed a note, of which the one set out is a literal copy. The plaintiffs should have accounted for the erasures. They were material. If the words " at the Banking House of Doll & Simpson, at Red Bluff," remain, then there is no averment in the complaint, and no evidence that the note is due, for it does not appear that payment has been demanded there.

The wife should have sued alone. The history of the transaction contained in the complaint shows that the note is her separate property, and at the same time it is averred that plaintiffs are the owners and holders. By this last averment the note is made community property, and it amounts in legal effect to an averment that the note had been transferred from the wife to the plaintiffs. This was not proved.

The Court also erred in excluding evidence that the plaintiffs were not the real parties in interest. Defendants were entitled to show that they did not owe plaintiffs the money, but owed it to some one else. If Doling should bring suit on the note, it would be no answer for these defendants to say they had paid plaintiffs. (2 Greenleaf's Ev., Sec. 163 ; *Conroy* v. *Warren*, 3 John. Cas. 263 ; *Gunn* v. *Castine*, 10 John. 387 ; *Waggoner* v. *Colvin*, 20 John. 367 ; *Seeley* v. *Engel*, 17 Barb. 530 ; *Cummings* v. *Morris*, 25 N. Y. 627 ; and *James* v. *Chalmers*, 2 Selden, 215.)

*Winans, Belknap, Hoge & Long*, for Respondents.

Where there is an answer and a trial it is unnecessary for the complaint to ask that the judgment bear interest.   The note is the sole cause of action, and judgment is asked only for the amount due on it.   The non-verification was therefore an admission of its genuineness.   The variance between the original note and the copy contained in the complaint was not material, and cannot affect respondents' rights.   (Practice Act, Secs. 71 and 579; *Dresser* v. *Smith,* 1 How. Pr. 172; and *Chapman* v. *Carolin,* 3 Bosworth, 456.)   The insertion of the words " one and a half " did not alter the sense of the note. The words " monthly " and " at the Banking House of Doll & Simpson, in Red Bluff," were erased before the note was executed, and were not a part of it, and not required to be placed in the copy.   Even if the note had contained the words making it payable at the Banking House of Doll & Simpson, it would not have been necessary to present it there for payment.   (*Wallace* v. *McConnell,* 13 Pet. 136; 1 Parsons on Notes and Bills, 309.)   As to the materiality of the erasure, see *Zeigler* v. *Wells, Fargo & Co.,* 28 Cal. 265.   " When a married woman is a party her husband shall be joined with her." (Prac. Act, Sec. 7.)   The complaint clearly shows that the note is the separate property of the wife.   (*Van Maren* v. *Johnson,* 15 Cal. 310.)

Appellants claim that the Court erred in excluding evidence that the plaintiffs were not the real parties in interest.   The Court below did not refuse to permit appellants to prove that respondents were not the real parties in interest.   It merely held that what appellants offered to prove would not show that respondents were not the real parties in interest.   What appellants offered to prove would have been a contradiction by parol evidence of the written obligation contained in the note.   The note was payable to Mrs. Elizabeth Lee personally.   The abbreviation " Adm'x " did not alter her personal or present her in a representative capacity.   (*Aud* v. *Magruder,* 10 Cal. 289; *Conner* v. *Clark,* 12 Cal. 168; *Stackpole* v. *Arnold,* 11 Mass. 27; and *Shankland* v. *Corporation of Washington,* 5 Peters, 394.)   But if the note was given to Mrs. Lee

as administratrix, and for a debt due the estate, she could still sue in her own right by virtue of title in herself. (1 Par. on Bills and Notes, 155.)

By the Court, SANDERSON, J.:

I. The objection to the judgment on the ground that it includes the interest and directs that the judgment shall draw interest at the rate of one and a half per cent is not tenable. It has been repeatedly held that it is not error to include principal and interest in the judgment, and direct that thereafter the whole sum shall draw the same rate of interest which the principal drew by the terms of the contract. (*Guy* v. *Franklin*, 5 Cal. 416 ; *Emeric* v. *Tams*, 6 Cal. 155 ; *McCann* v. *Lewis*, 9 Cal. 247 ; *Mount* v. *Chapman*, 9 Cal. 297.) The judgment not being by default, but upon answer and after trial, the fact that the complaint does not ask for interest upon the judgment is of no consequence. Where the judgment is upon a trial, the Court may grant any relief which is within the issue, notwithstanding it may not be included in the prayer of the complaint. (*Lane* v. *Gluckauf*, 28 Cal. 294.)

II. The objection that the note was improperly admitted without evidence of the genuineness of the signature, is also without substantial foundation. The action is upon the note, and the complaint contains a copy, and the answer is not verified. Where such are the conditions, the due execution of the note is admitted. (Prac. Act. Sec. 53.)

III. The point that the note ought not to have been admitted in evidence until after the plaintiff had accounted for the erasures appearing upon the face of it is also untenable. The four hundred and forty-eighth section of the Practice Act applies to a case where the alteration has been made, or appears to have been made, after the execution of the instrument, and where the alteration is as to a part of the instrument which is material to the question in dispute. The note does not match the first of these conditions. It does not appear to have been altered after its execution. The note is not in writing, but in print. As

printed, it is payable " at the banking house of Doll & Simpson, in Red Bluff," and the interest "payable monthly quarterly." The place of payment and the word " monthly " are erased by a line in red ink drawn through them. The use of both the words " monthly quarterly " in the printed form is manifestly either a misprint or they were both inserted with the intent that one or the other should be erased when the form should be put in use, for it would be absurd to provide that the interest should be payable both monthly and quarterly, and it certainly would be difficult of performance without paying interest twice at the agreed rate. Had the note been in writing and not in print there might be some ground for saying that the words " at the banking house of Doll & Simpson, in Red Bluff," were erased after the execution of the note, or so appeared. But in view of the fact that a printed form was used, which could not have been printed especially for the use to which it was put, and must have been printed prior to the time the contract in suit was made; and in view of the fact that the erasure of the word " monthly," which was incontestibly made prior to the execution, is in the same kind of ink, leaves no plausible reason for saying that the note was altered, or that it has the appearance of having been altered after it was executed. Where printed forms are used they frequently have to be altered to suit the terms of the contract, and where an alteration is made only as to the printed matter the presumption is that it was made prior to the execution of the contract, and made to suit it to the terms agreed upon between the parties.

What we have here said is also an answer to the point that there is a variance between the copy of the note given in the complaint and the original which was offered in evidence. Read the latter without the erasures and the former is a copy, except that it gives the word " administratrix " in full, instead, as abbreviated in the original, and states the rate of interest in words as well as figures, which the original does not; which discrepancies are wholly immaterial. Doubtless it would

have been better to have given a *fac simile*. Had that been done, accompanied with the averment that the erasures were made before the execution of the note, and the complaint verified, the whole question would have been satisfactorily settled, doubtless by the pleadings alone.

IV. Nor is there any merit in the point that, conceding the note to be the separate property of the wife, the action was improperly brought in the names of both husband and wife, although in such a case the wife may sue alone if so disposed. She may also, if so disposed, join her husband. (*Van Maren* v. *Johnson*, 15 Cal. 308, and *Peyser* v. *Calderwood*, 31 Cal. 333.)

V. Nor did the Court err in excluding the evidence offered by the defendants to prove that the plaintiff, Elizabeth Corcoran, was not the real party in interest. The note on its face is made payable to her and was at the time in her possession, and conceding that the money which she loaned and for which the note was given, belonged to the estate of her deceased husband, and that she was at the time acting as administratrix of his estate, the note itself was nevertheless her property and she is therefore the real party in interest within the meaning of the fourth section of the Practice Act. Parsons states the rule thus: "Only the executors and administrators, and not the heirs or next of kin of persons deceased, can claim possession of his notes and bills, or demand payment, or put them in suit. * * * It is otherwise if they receive a note payable to themselves, though for a debt due to the estate, and though payable to them as executors. For in such a case their representative character constitutes no part of their title. The note never belonged to their testator, but vested in them originally. And if a bill or note, belonging to the testator at the time of his decease, is payable to bearer, they need not in suing upon it make title through him ; they may sue as bearers simply. The same distinction is applicable to guardians, receivers, assignees in bankruptcy, and trustees of any description." (1 *Parsons on Bills and Notes, 154*.)

Perhaps, in such a case, if the defendant has a counter

claim against the estate of the deceased, and the money due on the note would be when paid assets in the hands of the plaintiff, he could set it up in defense *pro tanto*, but there is no such question in this case.

Judgment affirmed.