## SILAS A. COOK v. STEPHEN P. WILES.

*Proceedings to obtain possession of land—Description—Omission to find facts—Interest.*

In proceedings to obtain possession of land ·bought on mortgage foreclosure, it is sufficient to follow the description in the mortgage, especially if the mortgager himself retains possession.

The omission to find the facts and law before giving judgment is not an error of which the party who did not request it can complain.

Where a note is made payable several years after date, "with annual interest," the interest falls due every year during the period for which the note is to run.

Case made from Genesee.    Submitted January 6. Decided January 13.

PROCEEDINGS TO RECOVER POSSESSION of lands.    Complainant had judgment below.

*T. G. Smith* for complainant, as to sufficiency of the description of the land, cited *Jackson v. Vickory*, 1 Wend., 406; *Willey v. Snyder*, 34 Mich., 60; Adams on Ejectment, 20, 21.

*J. L. Topping* for defendant, urged the insufficiency of the description, and cited *Clark v. Gage*, 19 Mich., 507; where a finding of facts and law is requested and is not made, there is nothing on which to render judgment, *Stansell v. Corning*, 21 Mich., 242; interest is not due until the principal is, *French v. Kennedy*, 7 Barb., 452; *Bander v. Bander*, id., 560.

MARSTON, C. J.  The complainant Cook became the owner of certain premises under a mortgage foreclosure sale, and after redemption expired instituted these proceedings before a circuit court commissioner to recover possession thereof.  The case was appealed, a trial had in the circuit, and the complainant was successful.  The questions raised come up on a case made.

The first objection made goes to the sufficiency of the description of the premises claimed.  The description follows the one given in the mortgages under which complainant acquired his title.  Where a party is in possession of certain premises and gives a mortgage thereon, parties claiming thereunder, in an action to recover possession thereof, as against the mortgagor, may well follow the description in the mortgage, especially in a case like the present, where the mortgagor's occupancy removes all ambiguity.  *Purkiss v. Benson*, 28 Mich., 538; *Dart v. Barbour*, 32 Mich., 267.

It was farther claimed that the complainant having requested a finding of facts and law, it was error for the court to render judgment without such finding.  This omission was one of which the defendant has no right to complain.

It is next said the mortgages were foreclosed for interest due only; that the notes were "with annual interest at ten per cent," and that interest was not due until the principal became due.  We cannot concur in this view.  We must give force and effect to each word. Where a note is made payable several years after the date thereof, with annual interest, this calls for the

payment of interest annually—each year—at the rate agreed upon. Such has been, the uniform practical construction in this State.

The judgment must be affirmed with costs.

The other Justices concurred.