## LEE v. McCARTHY et al.

### No. 19,302; February 28, 1894.

#### 35 Pac. 1034.

**Mortgage Foreclosure.**—A Lien for Attorneys' Fees cannot be Obtained in a suit to foreclose a mortgage which contains a provision that, should suit be commenced, or an attorney employed, the mortgagors agree to pay an additional sum of ten per cent on principal and accrued interest as attorneys' fees, since the mortgage does not purport to secure such fees.[1]

**Attorney Fees—Allegation of Agreement for.**—Attorneys' Fees cannot be recovered where the agreement to pay them is not directly

[1] Cited and followed in Irvine v. Perry, 119 Cal. 357, 51 Pac. 546, a case which the court said "is on all-fours with" it.

Cited and approved in Russell v. Findley, 122 Cal. 480, 55 Pac. 144, where costs and fees were held not a lien in a case where the mortgage, though providing that the mortgagee on foreclosure should recover them, did not in terms provide that they were secured by the mortgage nor that they should be paid out of the proceeds of the sale under it.

averred in the complaint, but is merely inferable from an exhibit annexed thereto.[1]

APPEAL from Superior Court, San Diego County; W. L. Pierce, Judge.

Action by Lee against McCarthy and another to foreclose a mortgage. From a judgment for plaintiff, defendants appeal. Modified.

Luce & McDonald for appellants; A. E. Nutt for respondent.

PER CURIAM.—This case is not distinguishable in principle from Clemens v. Luce, 101 Cal. 432, 35 Pac. 1032. The agreement providing for attorneys' fees in case of suit is contained in the mortgage instead of the bond, and is as follows: "Should suit be commenced, or an attorney employed, to collect the said promissory bond, or any of said interest coupons, the mortgagors agree to pay an additional sum of ten per cent on principal and accrued interest as attorneys' fees." The mortgage does not purport to be given to secure these attorneys' fees, and the agreement can have no greater force than if it were contained in the bond, or in a separate instrument. It may be added that this agreement to pay attorneys' fees is not directly averred in the complaint, but is merely inferred from being contained in an exhibit annexed thereto; and it is a well-established rule in pleading that "whatever is an essential element to a cause of action must be presented by a distinct averment, and cannot be left to an inference to be drawn from the construction of a document attached to the complaint": Burkett v. Griffith, 90 Cal. 542, 25 Am. St. Rep. 151, 13 L. R. A. 707, 27 Pac. 527.

The cause is remanded, with directions to the court below to modify the judgment by striking therefrom the amount of the attorneys' fees allowed; in all other respects the judgment and order appealed from to be affirmed.

---

[1] Cited and followed in Lyle v. Winn, 45 Fla. 422, 34 South. 159, where in a bill for foreclosure no claim for attorneys' fees was set up, no allegation made that any such had been incurred by the complainants, or that the latter had been put to any cost in the premises, and no prayer for the allowance inserted.