[L. A. No. 93.    Department One.—May 8, 1896.]

## LOUISA S. AVERY, RESPONDENT, v. A. C. MAUDE, APPELLANT.

FORECLOSURE OF MORTGAGE—ATTORNEY'S FEES—PLEADING—EVIDENCE.— The complaint in an action to foreclose a mortgage need not aver, nor need the plaintiff prove as a condition precedent to the recovery of attorney's fees, that the plaintiff had employed an attorney to prosecute the action, or the amount agreed to be paid such attorney; but it is sufficient to show at the trial that the percentage allowed in the mortgage for attorney's fee is a reasonable fee in the case, and, if there is no countershowing, the court is justified in awarding that amount.

ID.—JUDICIAL NOTICE—PRESUMPTION OF EMPLOYMENT OF ATTORNEY.— The court will take judicial notice that the attorney for the plaintiff, whose name is signed to the complaint for the foreclosure of the mortgage, is an attorney of the court; and his signature to the complaint authorizes the presumption that he has been employed by the plaintiff to prosecute the action, and that the plaintiff has become liable to pay him a reasonable fee for his services.

APPEAL from a judgment of the Superior Court of Kern County. A. R. CONKLIN, Judge.

The facts are stated in the opinion of the court.

*Gorham & Pendegast,* for Appellant.

Plaintiff was not entitled to attorney's fees except for such amount as she might have actually paid, or engaged to pay; and as it was neither alleged nor proved that plaintiff had ever employed any counsel to prosecute the action, or paid, or promised to pay, any amount whatever as counsel's fees, the judgment in respect to counsel fees is erroneous. (*Carriere* v. *Minturn,* 5 Cal. 435; *Sichel* v. *Carrillo,* 42 Cal. 493; *Boob* v. *Hall,* 107 Cal. 160; *Monroe* v. *Fohl,* 72 Cal. 571; *Hewitt* v. *Dean,* 91 Cal. 5; *Patterson* v. *Donner,* 48 Cal. 380; *Bank of Woodland* v. *Treadwell,* 55 Cal. 380; *Prescott* v. *Grady,* 91 Cal. 518.)

*H. C. Campbell,* and *T. W. Lockhart,* for Respondent.

The right to counsel fees on foreclosure, when stipulated for in a mortgage, is an absolute right, and the only effect of the statute is to compel the court to exercise its discretion, and not to allow the full amount stipulated for, unless, in its discretion, that amount is considered reasonable. The right is an incident to the proceeding, and need not be alleged. (*Carriere* v. *Minturn,* 5 Cal. 435; *Monroe* v. *Fohl,* 72 Cal. 568; *Rapp* v. *Spring Valley Gold Co.,* 74 Cal. 532; *Granger's Business Assn.* v. *Clark,* 84 Cal. 201; *White* v. *Allatt,* 87 Cal. 248; *Mulcahy* v. *Buckley,* 100 Cal. 490.)

THE COURT.—This action was brought for the foreclosure of a mortgage, and judgment was rendered therein in favor of the plaintiff for the amount of the note secured by the mortgage, and also in a certain amount for counsel fees. The defendant has appealed from that portion of the judgment allowing counsel fees, and urges in support of his appeal that it was not alleged in the complaint, or shown at the trial, that the plaintiff

had actually paid, or agreed to pay, any counsel fees what-
ever, or that she had employed any counsel to prosecute
the action.   It is alleged in the complaint that by the
terms of the mortgage the appellant agreed to pay all
costs and expenses of foreclosure, including counsel fees
at the rate of five per cent upon the amount of the debt,
and that the same should become due upon the filing of
the complaint; and it is further alleged that five per
cent is a reasonable counsel fee to be allowed the plain-
tiff.   This allegation of the terms of the mortgage is not
denied, but the defendant denied that five per cent is a
reasonable counsel fee to be allowed the plaintiff, and
alleged that the plaintiff had never employed any coun-
sel to prosecute any action, and had never paid, or prom-
ised to pay, any counsel fee or incurred any liability for
such fees.

It was not necessary that the plaintiff should either
allege in her complaint or show at the trial, as a prereq-
uisite to her right to recover for counsel fees, that she
had employed counsel to prosecute the action, or the
amount which she had agreed to pay for their services.
The complaint in the action is signed "H. C. Campbell,
attorney for plaintiff."   The court would take judicial
notice that he was an attorney of the court, and, in the
absence of any other evidence, his signature to the com-
plaint authorized the presumption that he had been
employed by the plaintiff to prosecute the action, and
that she had become liable to pay him a reasonable fee
for his services.   It was shown at the trial that five per
cent upon the amount of the debt would be a reasonable
fee in the case, and, as the appellant offered no evidence
in support of his averments, the court was justified in
allowing that amount.   (*Rapp* v. *Spring Valley Gold Co.*,
74 Cal. 532; *Alexander* v. *McDow*, 108 Cal. 25.)

The judgment is affirmed.