[L. A. No. 589.    Department Two.—April 14, 1899.]

ERNST F. C. KLOKKE, Respondent, v. CATHARINE ES-
CAILLER, Appellant.

FORECLOSURE OF MORTGAGE—ATTORNEY'S FEES—LIEN—SPECIAL DAMAGE
—PERSONAL JUDGMENT.—In an action to foreclose a mortgage, a pro-
vision for attorney's fees therein contained cannot be charged
as a lien upon the land, unless expressly so charged by the
terms of the mortgage. If not so charged, the fees are in the
nature of special damage, which may be pleaded and recovered
against the mortgagor.

ID.—PLEADING OF ATTORNEY'S FEES.—An averment in the complaint
that a specified sum "is a reasonable sum to be allowed plaintiff
as his attorney and counsel fees for the foreclosure of this mort-
gage" is sufficient to authorize a personal judgment for at-
torney's fees.

APPEAL FROM JUDGMENT—FAILURE TO FIND UPON ISSUES RAISED BY AN-
SWER—ABSENCE OF EVIDENCE.—Upon an appeal from the judgment,
the failure to find upon issues presented by the answer will not
be considered, where no evidence appears from the record to
have been adduced thereupon, and where the findings made
support the judgment.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   M. T. Allen, Judge.

The facts are stated in the opinion of the court.

Appel & Whitney, for Appellants.

Holdridge O. Collins, for Respondent.

THE COURT.—Foreclosure of a mortgage on real estate.
The complaint is verified.   Plaintiff had judgment, from which
defendant, Catharine S. Escailler, appeals on the judgment-roll
alone.   Appellant objects to the judgment upon two grounds:
1. That it was error to allow attorney's fees; and 2. That the
court erred in failing to find upon the issues raised by her an-
swer.

1. The mortgage was given to secure the payment of a prom-
issory note.   Upon the subject of attorney's fees it contained
the following provision: Upon default "the mortgagee may
foreclose this mortgage, and may include in said foreclosure a
reasonable counsel fee, to be fixed by the court, together with

all payments made by the mortgagee for insurance upon the buildings on said premises, and for any adverse claims to the mortgaged property, for searching title to the mortgaged premises, to the execution hereof, and for taxes on said premises, other than the taxes on this mortgage, or the money hereby secured, all of which payments the mortgagee is hereby authorized to make, and the same, with interest thereon at the same rate as provided in said promissory note, shall be deemed to be secured by this mortgage and payable to the mortgagee or assigns in and out of the proceeds of the sale under said foreclosure." Unless the mortgage be given to secure the payment of attorney's fees, such fees may not be included as a part of the mortgage lien upon foreclosure. If the mortgagor contracts for the allowance of such attorney's fees, but does not secure the payment of them in the mortgage, these fees are in the nature of a special damage, which may be pleaded and recovered against the mortgagor, but for them the mortgagee may have only a personal judgment. (*Prescott v. Grady,* 91 Cal. 518.) The mortgage here under consideration declares that in the foreclosure may be included a reasonable counsel fee, together with all payments made by the mortgagee for specified purposes, all of which payments shall be deemed to be secured by the mortgage. A mortgage security is given, therefor, for the payment of the promissory note and for the repayment of such designated sums as may have been expended by the mortgagee; but, while much care is shown to bring these expenditures strictly within the mortgage, it is nowhere declared that the mortgage lien shall extend to and protect the attorney's fees. In this respect the case is identical in principle with that of *Irvine v. Perry,* 119 Cal. 352, and with the cases there cited. It follows, therefore, that while plaintiff is entitled upon proper showing to recover attorney's fees in his action, he is not entitled to have those fees included in the amount of the mortgage lien. He must rely alone upon a personal judgment. The averment in the complaint "that the sum of two hundred dollars is a reasonable sum to be allowed plaintiff as his attorney and counsel fees for the foreclosure of this mortgage" is a sufficient averment upon this point.

2. The only answer to the complaint made by defendant, the

mortgagor and appellant, related to an agreement alleged as follows: "That since the commencement of said action the said plaintiff and the said defendant agreed one with the other that the said defendant should pay the total amount of interest claimed by the said plaintiff to be due upon the notes and mortgages, . . . . all costs and expenses incurred by said plaintiff in bringing said action, and the sum of one hundred dollars for plaintiff's attorney in compensation for his services in said action, as a full and complete satisfaction of the cause of action set forth in plaintiff's complaint"; payment of one hundred dollars on account of said settlement is averred; and that "by reason of said agreement the said plaintiff has waived his cause of action alleged in plaintiff's complaint. The answer is duly verified. It appears from the complaint that the promissory note secured by the mortgage was dated June 1, 1896, and was for the sum of two thousand seven hundred and fifty dollars, payable two years after date, with twelve per cent interest payable quarterly. The complaint was filed June 25, 1897, to which time but fifty dollars interest had been paid. The mortgage gave the mortgagee the option of declaring the principal of the note to be due upon any default in payment of interest, and it is alleged that he gave defendant notice of having elected to regard the note as due. There is a finding that since the commencement of the action defendant, appellant, has paid plaintiff one hundred dollars, of which twenty-two dollars and thirty cents were on account of costs of this suit, and seventy-seven dollars and seventy cents were on account of attorney's fees "on behalf of plaintiff in this suit."

It is also found that the principal sum of the note, together with interest (except fifty dollars interest paid before suit was brought), is unpaid. The finding as to payments made after suit was commenced shows that the amount corresponds with the amount alleged to have been paid under the agreement pleaded, but there is nothing in the findings to show that this was the identical money so paid.

Appellant makes the point that the court erred in not finding upon the issues presented by the answer, to which the respondent replies that the answer presented no issues calling for findings. It is not necessary to pass upon the sufficiency of the answer to raise an issue of fact.

In *Wise v. Burton*, 73 Cal. 175, it was said: "This court will not reverse for want of a finding on an issue with respect to which there is no evidence." Commenting upon this rule in *Himmelman v. Henry*, 84 Cal. 104, it was said: "In the case at bar—which is brought here upon the judgment-roll alone—we will not presume that there was evidence upon a point in respect to which there is no finding. This view of the case makes it unnecessary to consider the question whether or not the alleged special issues were material." (See *Giletti v. Saracco*, 110 Cal. 428.) Appellant, to present his point, should have shown by bill of exceptions, or otherwise, that evidence was submitted upon the issues made by his answer. The case now before us, we think, plainly falls within the rule above stated. The findings support the judgment.

The judgment is therefore ordered modified in the respect above indicated—that is to say, a personal judgment shall be given to plaintiff for the amount found due to him for counsel and attorney's fees in this foreclosure suit, but such amount shall not be included in the amount of the mortgage lien for the payment of which the property was ordered sold. In all other respects the judgment is affirmed.