[L. A. No. 1021.   Department Two.—September 13, 1902.]

J. R. LUDDY, Respondent, v. JOHN L. PAVKOVICH, Appellant.

FORECLOSURE OF MORTGAGE—PLEADING—INDEBTEDNESS AT COMMENCE-MENT OF SUIT.—A complaint for the foreclosure of a mortgage which sets out the note and mortgage, showing on their face that the principal was part due and payable long before the commencement of the action, and which avers that no part of the principal sum has been paid, and that it is unpaid and owing by defendant to the plaintiff, sufficiently shows that the principal sum was "due" at the commencement of the action.

ID.—SUFFICIENCY OF FINDINGS.—A finding of fact that all of the allegations of the complaint are true, except a part of the allegation as to attorneys' fees, and a finding of law that the principal sum with certain interest is "due and unpaid" are supported by' the complaint, and are sufficient to show that the principal sum was "due" at the commencement of the action.

ID.—ATTORNEY'S FEES—PERSONAL JUDGMENT.—Where the mortgage provided that upon its foreclosure the mortgagee "may include in such foreclosure a reasonable counsel fee to be fixed by the court," he is not thereby entitled to have the fees included in the· amount of the mortgage lien, and must rely alone upon a personal judgment for the attorney's fee allowed.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frank J. Murasky, Judge presiding.

The facts are stated in the opinion of the court.

J. H. Krimminger, for Appellant.

Thomas L. Neal, and H. C. Millsap, for Respondent.

McFARLAND, J.—This is an ordinary suit on a note and mortgage made and executed by defendant to plaintiff. The usual judgment of foreclosure was rendered, and defendant appeals from the judgment, bringing up only the judgment-roll.

The appellant contends that the complaint does not state facts sufficient to constitute a cause of action, because there is no express averment therein that the principal sum of the note and mortgage was "due" at the commencement of the action. The complaint sets out in full the note and mortgage sued on, which show on their face that the principal was due and payable about two years before the commencement of the action; and it is averred that "no part of the principal mentioned in said promissory note and mortgage has been paid," etc., and that "the principal sum of said promissory note, to wit: fifteen hundred (1500) dollars, is unpaid, and is owing by said defendant John L. Pavkovich to J. R. Luddy plaintiff herein." These averments are entirely sufficient to show what the contract sued on was, and that appellant had violated it by not paying the note after its maturity. And the sufficiency of the complaint in this respect is an answer to appellant's contention that there is no express finding that the principal sum of the note was "due." The court, in addition to specific findings as to the amount of the principal sum secured, and that it is "unpaid," etc., finds that all allegations of the complaint are true except a part of the allegation as to an attorney's fee; and it also finds under the head of "Conclusions of Law" that the principal sum with certain interest, is "due and unpaid."

With respect to an attorney's fee for foreclosing, the mortgage provides that in the event of foreclosure the mortgagee "may include in such foreclosure a reasonable counsel fee, to be fixed by the court"; and it is averred that two hundred and fifty dollars was a reasonable fee. The court allowed a fee of one hundred and twenty-five dollars,—which is not claimed to be unreasonable,—but merely gave a personal judgment for that amount, holding that it was not included in the

mortgage lien. Appellant contends that the provision in the mortgage as to attorney's fee does not warrant a personal judgment therefor; but on this point the case is exactly like *Klokke* v. *Escailler*, 124 Cal. 297, where it was held,— the provision of the mortgage and the averment in the complaint about an attorney's fee being the same there as in the case at bar,—that "while plaintiff is entitled upon proper showing to recover attorney's fees in his action, he is not entitled to have those fees included in the amount of the mortgage lien. He must rely alone upon a personal judgment."

The judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.