[Civ. No. 234. Second Appellate District.—April 9, 1906.]

# MAY DELAVAN CORSON, Respondent, v. Mrs. MARY A. McDONALD, Appellant.

FORECLOSURE OF MORTGAGE—STATUTE OF LIMITATIONS—OPTION TO MORTGAGOR TO EXTEND TIME—VERBAL ACCEPTANCE.—An action to foreclose a mortgage which was brought within four years from an extension of time for one year, provided for in the mortgage, giving the mortgagor the privilege of renewing or extending the mortgage for one additional year from the expiration of the term of one year provided for therein, which was verbal, accepted by notice given thereof by the mortgagor to the mortgagee prior to the expiration of the first year, is not barred by the statute of limitations, though brought more than four years after the expiration of the original term.

ID.—WRITTEN PROPOSITION OF MORTGAGEE—EFFECT OF ACCEPTANCE—WRITTEN CONTRACT EXTENDING TIME.—The provision in the mortgage for an extension of time was a written proposition on the part of the mortgagee which, upon the acceptance of it by the mortgagor, became a written contract on the part of the mortgagee extending the time.

ID.—EXTENSION OF NOTE.—The agreement for the extension of the mortgage must be construed as involving necessarily the extension of the note secured thereby.

ID.—ATTORNEYS' FEES—DISCREPANCY BETWEEN FINDING AND JUDGMENT—PRESUMPTION UPON APPEAL.—Where the superior court found that $300 was a reasonable attorney's fee, but gave judgment for $350, it must be presumed upon appeal, in the absence of any explanation of the discrepancy, that the sum contained in the judgment was regarded by the court as a reasonable fee.

ID.—POWER OF COURT TO CORRECT CLERICAL ERROR.—If the discrepancy is a mere clerical error, the court below has power to correct it, notwithstanding the affirmance of the judgment.

ID.—FEES PROVIDED IN NOTE—LIEN.—Where the note provided for attorney's fees in case of suit, they thereby became a part of the sum or sums secured by the mortgage, and were properly made a lien upon the mortgaged property.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

John F. Satterwhite, for Appellant.

Willoughby Rodman, and Rodman & Garrett, for Respondent.

SMITH, J.—Appeal from a judgment foreclosing a mortgage, and from an order denying the defendant's motion for a new trial.

The mortgage was given to secure a promissory note of date November 26, 1897, for the sum of $3,500, payable with interest on or before one year from date, and for an additional sum of ten per cent on principal as attorney's fee, in case suit should be commenced to enforce payment. There is contained in the mortgage the following provision:

"And it is further understood and agreed by and between the parties hereto, that the mortgagor herein has the privilege of renewing or extending this mortgage for one additional year from the expiration of the term hereof."

The complaint alleges, in effect, that the defendant exercised her option of extending the mortgage for an additional year, and the court so finds; and finds further that the option was exercised and the plaintiff's assignor notified thereof prior to November 26, 1898. The court also finds adversely upon the plea of the statute made by the defendant. Judgment was accordingly entered for the amount due on the note and mortgage, and also for the sum of $350 as attorney's fee.

The complaint was filed November 10, 1903—that is to say, not within four years from the maturity of the note according to its original terms, but within four years from the closing date of the extension.

The finding of the court as to the defendant's exercise of her option to extend the note for one year is fully supported by the evidence of the plaintiff's assignor and another witness. But the point is made that the extension of the time and the acquiescence therein of the plaintiff's assignor was not in writing, and that the court erred in admitting the testimony. But the position is untenable. The agreement contained in the mortgage does not provide that the option of the mortgagor should be expressed in writing. It constituted, in fact, a written proposition on the part of the mortgagee, which, upon

acceptance by the mortgagor, became a valid contract in writing on the part of the mortgagee to extend the time. Nor, though the contrary is suggested by the appellant, can the agreement be construed as applying to the mortgage only and not to the note. It is inconceivable that such could have been the intention of the parties.

With regard to attorney's fee, there is an apparent discrepancy between the finding of the court that $300 is a reasonable fee and the judgment, which is for $350. But as no explanation is given in the briefs of this discrepancy, or any point made thereon by the appellant, we shall assume that the sum contained in the judgment was regarded by the court as a reasonable fee. If, however, there is any error in regard to the fee, it is merely clerical and can be corrected by the court below, notwithstanding the judgment on the appeal.

Nor do we see any error in the judgment of the court in making the attorney's fee a lien upon the property. The note itself provides for the fee, and it thus becomes a part of the sum or sums secured by the mortgage. In the decision cited by appellant, the case was otherwise. (*Irvine* v. *Perry,* 119 Cal. 357, [51 Pac. 544, 949]; *Klokke* v. *Escailler,* 124 Cal. 297, [56 Pac. 1113].)

The judgment and order appealed from are affirmed.

Gray, P. J., and Allen, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 28, 1906.