Points Decided.

(April 27, 1925.)

MARGARET E. CLEGG and PHILIP E. CLEGG, Wife and Husband, Respondents, v. M. H. EUSTACE and JANE M. EUSTACE, Husband and Wife, Cross-complainants and Appellants, and J. W. DOTSON and MRS. J. W. DOTSON, Whose True Name is BLANCH DOTSON, Husband and Wife, JOHN W. CUPPLES and JUANITA CUPPLES, His Wife, LUTHER J. MITCHELL and EDNA MITCHELL, His Wife, and JOHN W. CUPPLES and LUTHER J. MITCHELL, Copartners Doing Business Under the Firm Name and Style of CUPPLES MERCANTILE CO., BALES BROTHERS LBR. CO., W. W. EASLEY, and J. F. BALES, Defendants.

[237 Pac. 438.]

ACKNOWLEDGMENTS—PRESUMPTIONS—BURDEN OF PROOF—COMPLAINT—PLEADING EXHIBIT—MORTGAGES—ATTORNEY'S FEES—FORECLOSURE.

1. A certificate of acknowledgment, complete and regular on its face, raises a presumption in favor of the truth of every fact recited therein.

2. The burden is on the party attacking a certificate of acknowledgment to show its falsity.

3. A judgment will be affirmed where substantial evidence in the record, if uncontradicted, would support it.

4. In an action to foreclose a mortgage a complaint containing no description of the mortgaged lands, but having annexed to and made a part of it a copy of the mortgage with a full description of the land, is sufficient.

5. A mortgage, which is security for the payment of a note which provides for attorney's fees, is security for the attorney's fees.

6. Allegation in complaint as to attorney's fees *held* sufficient.

Publisher's Note.

2. Evidence requisite to impeachment of acknowledgment, see notes in 7 Ann. Cas. 249; Ann. Cas. 1917A, 368.

7. In a real estate mortgage foreclosure a defendant holding a mortgage determined to be junior to plaintiffs' may, in the same action, when an original party therein, have his mortgage foreclosed subject to the senior mortgage.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Appeal from a decree fixing priority of mortgages, foreclosing prior mortgage and refusing to foreclose junior mortgage. *Affirmed in part, reversed in part, and remanded.*

S. Ben Dunlap, for Appellants.

A complaint is defective which does not contain an allegation setting out a description of the property sought to be foreclosed, and which does not contain an allegation that the mortgaged property is in the county, and there is therefore nothing to show that the property is within the jurisdiction of the court. (*Campbell v. West*, 86 Cal. 479, 24 Pac. 1000; 27 Cyc. 1594.)

A complaint is defective which contains no allegation of an agreement in the mortgage sought to be foreclosed to pay attorney's fees, and the attorney's fees cannot be recovered unless the agreement to pay them is directly averred in the complaint, and attorney's fees are not a lien on the land sought to be charged unless secured by the mortgage. (*Lee v. McCarthy*, 4 Cal. Unrep. 498, 35 Pac. 1034; *Boob v. Hall*, 107 Cal. 160, 40 Pac. 117; *Avery v. Maude*, 112 Cal. 565, 44 Pac. 1020; *Frantz v. Idaho Artesian Well & Drilling Co.*, 5 Ida. 71, 46 Pac. 1026; *Brooks v. Forrington*, 117 Cal. 219, 48 Pac. 1073; *Klokke v. Escailler*, 124 Cal. 297, 56 Pac. 1113; *Lowenthal v. Coonan*, 135 Cal. 381, 87 Am. St. 115, 67 Pac. 324, 1033, 68 Pac. 303; *Luddy v. Pavkovich*, 137 Cal. 284, 70 Pac. 177; 27 Cyc. 1594.)

An exhibit to a pleading cannot supply the lack of necessary and material averments. (*Hartford Fire Ins. Co. v. Kahn*, 4 Wyo. 364, 34 Pac. 895; *McPherson v. Hattich*, 10 Ariz. 104, 85 Pac. 731; *Malheur County v. Carter*, 52 Or.

616, 98 Pac. 489; *Ahlers v. Smiley,* 11 Cal. App. 343, 104 Pac. 997; *Sweeney v. Johnson,* 23 Ida. 530, 130 Pac. 997.)

A signature to a mortgage written by another is void unless authorized by writing. (C. S., secs. 5373, 6556, 7974, 7976; *Thompson v. Burns,* 15 Ida. 572, 99 Pac. 111; *Folsom v. Perrin,* 2 Cal. 603; *Castner v. Richardson,* 18 Colo. 496, 33 Pac. 163; *Hall v. Wallace,* 88 Cal. 434, 26 Pac. 360.)

The acknowledgment of the execution of an instrument cannot be proved in any other manner than by the certificate of the officer taking the acknowledgment. (1 C. J. 886, sec. 266; *Forrester v. Reliable Transfer Co.,* 59 Wash. 86, Ann. Cas. 1912A, 1093, 109 Pac. 312; *Haden v. Westcott,* 11 Conn. 129; *Kerr v. Russell,* 69 Ill. 666, 18 Am. Rep. 634; *Solt v. Anderson,* 71 Neb. 826, 99 N. W. 678; *Rogers v. Pell,* 154 N. Y. 518, 49 N. E. 75; *Elwood v. Klock,* 13 Barb. (N. Y.) 50; *First Nat. Bank of Harrisonburg v. Paul,* 75 Va. 594, 40 Am. Rep. 740.)

Certificate of a notary is merely *prima facie* and can be contradicted by any evidence, direct or indirect. (20 R. C. L. 337, sec. 19; *Moore v. Hopkins,* 83 Cal. 270, 17 Am. St. 248, 23 Pac. 318.)

H. E. Wallace, for Respondents.

One acknowledging before a notary public the execution of an instrument to which his name is attached or written adopts such signature as his own. (*First National Bank of Hailey v. Glenn,* 10 Ida. 224, 109 Am. St. 204, 77 Pac. 623.)

Defendant and cross-complainant is estopped from denying validity of mortgage held by plaintiff, he having notice of the existence of plaintiff's mortgage at the time his mortgage was executed. (*Gooding Milling & Elevator Co. v. Lincoln County State Bank,* 22 Ida. 468, 126 Pac. 772.)

Plaintiff's complaint is sufficient. (*Whitby v. Rowell,* 82 Cal. 635, 23 Pac. 40, 382.) It is generally sufficient to copy the description in the mortgage or to refer to the mortgage, a copy of the same being annexed. (27 Cyc. 1594.)

In plaintiff's complaint the mortgage is not only attached to the complaint, marked Exhibit "A" and made a part

thereof, but is referred to as being recorded in a certain book and page, records of Canyon county, Idaho, and the description in said mortgage shows same to be in Canyon county.

GIVENS, J.—Margaret E. Clegg and Philip E. Clegg, respondents, brought suit against Mr. and Mrs. J. W. Dotson, and others, to foreclose a real estate mortgage alleged to have been given to Bales Brothers Lumber Company by the Dotsons and subsequently assigned to Margaret Clegg. After the Bales Brothers' mortgage was given the Dotsons executed and delivered another mortgage on the same property to M. H. Eustace, who, with his wife, appellants here, two of the defendants below, answered and by cross-complaint sought to have their mortgage foreclosed and it decreed that respondents' mortgage was null and void on the ground that J. W. Dotson did not sign respondents' mortgage but that his name was signed by Mrs. Dotson without his authority.

The court found that respondents' mortgage was valid and superior to appellants' and foreclosed it, refusing to foreclose appellants' mortgage. From such decree of foreclosure this appeal is taken.

Mr. Dotson was unable to read or write and Mrs. Dotson signed her own name and her husband's name in his presence and in the actual personal presence of the notary, therefore, *Myers v. Eby,* 33 Ida. 266, 193 Pac. 77, has no application. Mr. Bales was present at the time and place and testified that Mr. and Mrs. Dotson acknowledged the instrument as their voluntary act and deed and later Mrs. Dotson admitted, and it was not contradicted, that this instrument was turned over as part of the purchase price of the land received. Mr. Dotson testified in substance that he did not that morning authorize Mrs. Dotson to sign for him and he did not know there was a mortgage but knew there was a note. At most, there is only a conflict between the Dotsons' and Bales' testimony and the notary's certificate. The notary did not testify. Respondents' mortgage appears on

its face to be complete, regular and duly acknowledged and certified by a notary public.

A certificate of acknowledgment, complete and regular on its face, raises a presumption in favor of the truth of every fact recited therein. (*Baldwin v. Snowden*, 11 Ohio St. 203, 78 Am. Dec. 303; *Martin v. Evans*, 163 Ala. 657, 50 So. 997; *Bell v. Castleberry*, 96 Ark. 564, 132 S. W. 649; *Ford v. Ford*, 27 App. D. C. 401, 7 Ann. Cas. 245, 6 L. R. A., N. S., 442; *Mahan v. Schroeder*, 142 Ill. App. 538; Id., 236 Ill. 392, 86 N. E. 97; *Gray v. Law*, 6 Ida. 559, 96 Am. St. 280, 57 Pac. 435; *Roberts v. Roberts*, 176 Iowa, 610, 156 N. W. 399; *Barbee v. Farmers' Bank of Polo*, 240 Mo. 297, 144 S. W. 839; 1 C. J. 893; *Bruce v. Frame*, 39 Ida. 29, 225 Pac. 1024.)

The burden of proving a state of facts which will overcome the probative force of the certificate is upon the party assailing it and it seems to be the rule that the testimony of the party acknowledging the instrument is insufficient to overcome the force of the certificate. (*Ford v. Ford, supra; Adams v. Smith*, 11 Wyo. 200, 70 Pac. 1043, 41 L. R. A., N. S., 1178, note; 1 C. J. 894; *Mather v. Jarel*, 33 Fed. 366; *Gray v. Law, supra.*)

This court has held that one acknowledging before a notary public the execution of an instrument to which his name is attached or written adopts such signature as his own. (*First National Bank of Hailey v. Glenn*, 10 Ida. 224, 109 Am. St. 204, 77 Pac. 623.) The signature becomes his on a theory of adoption and not on the principle of ratification.

The trial court was clearly justified in finding that the Dotsons did acknowledge this mortgage and such finding will not be disturbed under the well-known rule. (*Crumpacker v. Bank of Washington County*, 38 Ida. 534, 223 Pac. 229; *Syster v. Hazzard*, 39 Ida. 580, 229 Pac. 1110.)

Appellants contend that the complaint herein is insufficient because it was not alleged therein that the property covered by the mortgage was in the county wherein suit was commenced, but that the description of the land and its location was only referred to, by incorporating the mortgage in

the complaint as an exhibit attached to and made a part of the complaint, relying on *Campbell v. West,* 86 Cal. 479, 24 Pac. 1000, which, however, does not so hold. In that case there was no description of the property except in the mortgage attached and made a part of the complaint in which the property was described as being in Los Angeles county. Suit was started in Orange county and there was nothing to show from the complaint or the mortgage that Orange county was formerly a part of Los Angeles county, which was the fact.

The rule as stated in 27 Cyc. 1594 is:

"The property covered by the mortgage and against which foreclosure is asked must be described in the bill or complaint with reasonable certainty and particularity, both in order that it may appear to be within the jurisdiction and that it may be accurately described in the decree and identified by the officer making the sale. For this purpose it is generally sufficient to copy the description in the mortgage or to refer to the mortgage, a copy of the same being annexed or filed." (Citing *Whitbey v. Rowell,* 82 Cal. 635, 23 Pac. 40, 382; *Emeric v. Tams,* 6 Cal. 155; *Krathwohl v. Dawson,* 140 Ind. 1, 38 N. E. 467, 39 N. E. 496; *Cook v. Wiles,* 42 Mich. 439, 4 N. W. 169.)

Appellants interpose *Sweeney v. Johnson,* 23 Ida. 530, 130 Pac. 997, against the above rule. *Sweeney v. Johnson* held that such reference to the claim of lien as an exhibit, in a suit on such a claim of lien, did not take the place of an allegation that the labor and material furnished was of the reasonable value of the amount claimed and relies in such conclusion, among other cases, on *City of Los Angeles v. Signoret,* 50 Cal. 298, which case, on the precise point involved herein, that is, a foreclosure of a mortgage, was distinguished in *Whitbey v. Rowell,* 23 Pac., at 382. We do not find that this court has construed either the sufficiency of a foreclosure complaint where the only description of the property is contained in the copy of the mortgage incorporated in the complaint only as an exhibit, or the application of *Sweeney v. Johnson* to such a situation, and we therefore feel

justified in following *Whitbey v. Rowell, supra, Santa Rosa Bank v. Paxton,* 149 Cal. 195, 86 Pac. 193, *Silvers v. Grossman,* 183 Cal. 696, 192 Pac. 534, *Meer v. Cerati,* 53 Cal. App. 497, 200 Pac. 501, *Shaw v. Polk,* 152 Ark. 18, 237 S. W. 703, and this does not conflict with *Caldwell v. Village of Mountain Home,* 29 Ida. 13, 156 Pac. 909, because the court there said that while pleading an instrument by attaching a copy as an exhibit thereto does not tender an issue or involve an assertion of the truth of the statements and the recitals contained in the exhibit, it would constitute an allegation of the existence of the instrument at the time and place and for the purpose alleged, which (purpose) in the instant case was that there was a mortgage between the parties indicated covering the property described, the same being in Canyon county.

It is contended by appellants that attorney fees were improperly allowed, for the reason that there was no allegation in the complaint that the attorney fees sought to be enforced were secured by the mortgage and that the mortgage does not secure attorney fees. From the record it appears that the complaint contained an allegation that "said promissory note and mortgage provide for the payment of Attorney's fee in case said note or any part thereof is collected by an Attorney . . . . and that plaintiffs under the provisions of said note and mortgage employed Attorney herein to bring this action and collect said note and have obligated themselves to pay such Attorney fee to be paid herein." Appellant cites *Lee v. McCarthy,* 4 Cal. Unrep. 498, 35 Pac. 1034; *Boob v. Hall,* 107 Cal. 160, 40 Pac. 117; *Avery v. Maude,* 112 Cal. 565, 44 Pac. 1020; *Brooks v. Forrington,* 117 Cal. 219, 48 Pac. 1073; *Klokke v. Escailler et al.,* 124 Cal. 297, 56 Pac. 1113; *Lowenthal v. Coonan,* 135 Cal. 381, 87 Am. St. 115, 67 Pac. 324, 1033, 68 Pac. 303; *Luddy v. Pavkovich,* 137 Cal. 284, 70 Pac. 177. These cases together with several others of similar import are ably discussed in *Jensen v. Lichtenstein,* 45 Utah, 320, 145 Pac. 1036, and we believe that the nonapplicability of those cases to the case at bar is there clearly set forth as follows:

"The language of the mortgage as to counsel fees is practically the same as that contained in the mortgage in *Klokke v. Escailler,* 124 Cal. 297, 56 Pac. 1113, where it was held that the counsel fees were not secured by the mortgage. But this case differs from that in that the note here contains a provision for 'seven per cent on principal, as attorney's fees in such suit,' in the event suit is commenced to enforce payment of the note. The mortgage was given to secure 'said note,' which included the contract to pay the attorney fee provided for therein. The attorney fee was therefore secured by the mortgage."

The note herein contained a provision for the paying of "a reasonable attorney's fee" and the payment of the note is expressly secured by the mortgage. There was testimony to the effect that $150 was the attorney's fee which respondents were obligated to pay and $150 was stipulated as reasonable. (*Porter v. Title Guaranty & S. Co.,* 17 Ida. 364, 106 Pac. 299, 27 L. R. A., N. S., 111.) The complaint and mortgage were therefore sufficient in this particular.

No defense was interposed to appellants' mortgage and since they were parties defendant, and before respondents' mortgage could be foreclosed as a prior lien it was necessary to dispose of the relative priorities, it would appear the second mortgage was sufficiently a part of the subject matter of the suit to entitle appellants to have their mortgage foreclosed as junior to respondents'. (*Hines v. Kays,* 93 Kan. 209, 144 Pac. 240; *Sigler v. Phares,* 105 Kan. 116, 181 Pac. 628; 27 Cyc. 1605.)

That *Newton v. Gage,* 155 Fed. 598, does not hold contrary to this is shown by the statement construing that case in *Federal Mining & Smelting Co. v. Bunker Hill & Sullivan M. & C. Co.,* 187 Fed. 474, as follows:

"Of the points considered, the only one in anywise related to the present subject was, as stated by the court, 'that the bringing in of a new party by cross bill or otherwise, when the presence of such party as an original defendant would have defeated federal jurisdiction,' is not permissible."

There is no such question, of course, in the case at bar because, in the first place, appellants were made parties by respondents, and, secondly, their cross-complaint did not affect the jurisdiction.

The case should therefore be remanded, with instructions to the lower court to make the necessary additional findings of fact and conclusions of law and to enter a decree foreclosing appellants' mortgage subject to respondents', and it is so ordered.

Each party to pay its own costs.

William A. Lee, C. J., Wm. E. Lee, Budge and Taylor, JJ., concur.

Petition for rehearing denied.