[Civil No. 2603. Filed November 21, 1927.]

[261 Pac. 48.]

PEOPLE'S PRODUCE COMPANY, a Corporation, Appellant, v. FIRST NATIONAL BANK OF FLORENCE, ARIZONA, a Corporation, Appellee.

Mr. Stanley Samuelson, for Appellant.

Mr. Thomas D. Derry, for Appellee.

ROSS, C. J.—This action was brought by appellee, First National Bank of Florence, to recover on a note and mortgage security against the Michea-Arballo Mercantile Company, the maker thereof. The appellant People's Produce Company, being the record title owner of mortgaged premises at the time of filing suit, was made a party defendant. The maker of note and mortgage made no appearance, and default was duly entered against it. The People's Produce Company filed a general demurrer, and answered, denying upon information and belief the material allegations of the complaint. The demurrer was overruled, and after trial on the merits judgment was given in favor of appellee and the mortgage lien ordered foreclosed.

The appellant's chief contention for reversal is that the note set out in the complaint is dated March 24th, 1926, whereas the mortgage given to secure it bears date December 24th, 1923, and was recorded January 7th, 1924, and described the note secured as of that date. It is insisted that a complaint to recover on a note secured by mortgage, and to foreclose the mortgage, that shows on its face that the debt evidenced by the note is of a date three years later than the date of the mortgage, is not only demurrable, but so defective as not to allow the introduction of evidence showing that the sums described in the two instruments are identical. We think it would have been a better pleading if plaintiff had alleged in complaint that the note sued on was a renewal of the note described in the mortgage, for such it appears to have been. The debt for which the mortgage was given continued in existence in the renewals; the renewals being only a reconstruction of the original note protected by the same mortgage security. It seems to us the complaint should be held good as against a general demurrer.

The variance in dates was not a variance in debts. It was the same debt the mortgage was given to secure, and we think the complaint was sufficient in facts to permit proof of such identity. Appellant does not question that the debt represented in notes and mortgage are identical, or that it is not due and owing from the Michea-Arballo Mercantile Company to appellee, or that it is not an honest *bona fide* debt. The mortgage describing the debt was of record, and the appellant, at the time it became the purchaser of the property, had notice that it was incumbered for the identical sum sued for. We do not think it possible that the appellee's rights could have been in any way prejudiced.

The only description of the mortgaged premises is that contained in the mortgage which is attached to

the complaint as an exhibit. Appellant contends this was not sufficient but that a description of the mortgaged property should have been set out in the body of the complaint. To sustain its contention, it cites *McPherson* v. *Hattich,* 10 Ariz. 104, 85 Pac. 731. That was an action for services on a contract of employment to draw plans and superintend the construction of a building. The complaint contained no allegation of nonpayment nor a direct allegation that any sum was due, and it was held that such omissions could not be supplied by an exhibit attached to the complaint; such exhibit being a notice of lien dated and filed some time before suit was brought. It was said:

"We do not think that the statement in the notice of lien, filed as an exhibit with the complaint and made a part thereof, can be taken as a substantive allegation of the complaint and to supply its omission to plead by direct averment the nonpayment of whatever may have been due appellant under the contract."

That case is no authority for the present contention.

It is averred in the complaint that the Michea-Arballo Mercantile Company executed and delivered to appellee its mortgage, a copy of which was attached to complaint and made a part thereof, and that the mortgage was recorded in the office of the county recorder of Pinal county, giving book and page and date of recordation. This description of the mortgaged property showed that it was in the jurisdiction of the court, and furnished all the needed data for an accurate description in the decree of foreclosure, and was sufficient identification for the officer making the sale.

Under the authorities, the complaint was sufficient. 27 Cyc. 1594; *Clegg* v. *Eustace,* 40 Idaho 651, 237 Pac. 438.

The appellant objects to an item of $40.25, being the premium paid by appellee for fire insurance on buildings situated on mortgaged premises. There are two clauses in the mortgage concerning insurance. In the first, the mortgagor agreed to insure in favor of the mortgagee in a blank sum, and, in case of his failure to secure said insurance, authorized the mortgagee to procure the same. In the second clause it is provided that:

"It shall and may be lawful for the said mortgagee . . . to include in the judgment . . . all payments that the said mortgagee . . . may be obliged to make for its security, or on account of any taxes, insurance," etc.

It is claimed that, because in the first clause no amount is named, the mortgagor did not agree and was not bound to pay any premium for insurance. That clause, however, may be entirely disregarded, and, if it is, the subsequent clause bound the mortgagor to repay the mortgagee all payments that it might be obliged to make for its security, including taxes, insurance, etc. The cashier of appellee testified that the insurance was taken out "to protect the bank's interest in property." It was likewise for the protection of the mortgagor, for, if the property had been destroyed by fire, the amount of insurance collected would have been applied to a reduction of the mortgage. It seems to us, giving the terms of the mortgage in regard to insurance a fair construction, it was within the contemplation of the parties that insurance should be carried and the premium therefor charged against the mortgagor.

The trial was without prejudicial error, and the judgment should be affirmed. It is so ordered.

LOCKWOOD and McALISTER, JJ., concur.