MYRICK, J., and ROSS, J., concurred.

---

[No. 11302.   Department One.—July 12, 1886.]

RED JACKET TRIBE NO. 28, IMPROVED ORDER OF RED MEN, OF THE STATE OF CALIFORNIA, RESPONDENT, *v.* JAMES A. GIBSON ET AL., APPELLANTS.

EQUITY—ACTION TO ANNUL CONVEYANCE—FRAUD—EVIDENCE.—In an action by the purchaser to set aside a conveyance on the ground of fraud, a witness for the plaintiff was asked on cross-examination whether he knew of any unfair act done by the defendant to induce the sale. *Held,* that the question was improper.

ID.—RETURN OF PURCHASE-MONEY—SATISFACTION OF MORTGAGE—REVIVAL OF LIEN.—In such an action, the plaintiff is entitled to a return of the purchase-money on obtaining a decree annulling the conveyance; and it appearing that a portion of the purchase-money had been used by

one of the defendants to satisfy a mortgage held by a third person on certain other land belonging to him, *held*, that the plaintiff was entitled to have the lien of the mortgage revived in its favor.

BENEVOLENT ASSOCIATION — BY-LAWS — POWER OF TRUSTEES TO INVEST MONEY. — A member of a benevolent association, who is acquainted with its by-laws, is chargeable with notice of the restrictions thereby imposed upon the power of the trustees to invest the funds of the association.

PRACTICE — EVIDENCE. — On the trial, certain evidence stated in the opinion was admitted against the objection of the defendants, and certain objections to questions asked by him on cross-examination were sustained. *Held*, that the rulings of the court were proper.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The plaintiff is a corporation formed for fraternal and charitable purposes. The defendant the Occidental Building and Loan Association is also a corporation, formed for the purposes indicated by its name. In November, 1884, the defendants Gibson and Bennett were members and officers of the plaintiff, and together with the defendant Dustman and one Worthington composed its board of trustees. At that time Gibson was the owner of certain blocks in the city of Sacramento, on which the Occidental Building and Loan Association held a mortgage to secure the payment of his note for twelve hundred dollars. The plaintiff had then on deposit in bank about two thousand dollars, subject to the order of its trustees. The defendant Gibson, desiring to get that money, entered into an arrangement with Bennett whereby Gibson was to deed a portion of said lots to the plaintiff, and Bennett was with Gibson to induce the other trustees to unite in drawing the money from the bank and paying eighteen hundred dollars thereof to Gibson as the ostensible purchase price of the land. Bennett and Gibson induced Dustman to consent to this arrangement, and the transaction was consummated by them, without the knowledge or consent of Worthington, and without any meeting of the trustees

being held to consider the matter. In pursuance of this arrangement, the money was drawn from the bank; the mortgage to the Occidental Building and Loan Association was paid off with part of it, and the balance delivered to the defendant Gibson, who thereupon deeded the land to the plaintiff. Upon the first meeting of the plaintiff, the pretended purchase was repudiated by it. The wife of Gibson thereupon filed a declaration of homestead upon the part of the land which had been included in the mortgage to the Occidental Building and Loan Association, but not .conveyed to the plaintiff. One of the by-laws of the plaintiff provided that the trustees should " keep the funds invested for the best interest of the tribe, in such stocks, bonds, mortgages, or other securities as shall be approved by two thirds of the members thereof present at a regular council." On the 31st of October, 1884, the council had instructed the trustees to invest two thousand dollars of the money in bank. The action was brought to have the deed to the plaintiff declared void, and to revive. the mortgage for its benefit, and for a personal judgment against Bennett, Dustman, and Gibson. Judgment for the relief prayed for was rendered in favor of the plaintiff. The further facts are stated in the opinion of the court.

*Young & Dunn*, for Appellants.

*Freeman, Johnson & Bates*, for Respondent.

McKINSTRY, J.—There was sufficient evidence to justify the findings of the court below.

Evidence that the defendant Bennett acted without the concurrence of his co-trustee Dustman, or that the latter was induced to concur by reason of misrepresentations made by the former with respect to Worthington's concurrence, was admissible.

Evidence that Dustman understood the propriety of the purchase was to be submitted to the "tribe" was admissible.

The objection to the question asked on cross-examination of the witness Dustman, "Now, then, do you know of any unfair act that he (Gibson) did to induce the sale?" was properly sustained, because calling for the inference of the witness. The witness had already stated on his cross-examination what Gibson had said and done to induce the purchase. He had also been asked, "Did Gibson do anything that you know of to induce you to purchase that lot and a half other than what you have testified to?" To this question the witness had answered, "Not that I know of." Whether the acts of Gibson were "unfair" was to be determined by the jury.

The court was authorized to revive the lien of the mortgage of the Occidental Loan Association in favor of the plaintiff if the satisfaction of the mortgage was part of the fraud practiced on the plaintiff.

The court below properly admitted evidence that the trustees never assembled and as a board considered the transaction,—the purchase from Gibson.

The prompt disavowal of the act of one of the trustees was a fact which the plaintiff was entitled to prove. Gibson was a member of the tribe, and acquainted with the by-laws, which did not authorize the trustees to invest in lands. The order instructing the trustees "to try and invest the money in the bank, not exceeding two thousand dollars," does not purport to authorize an investment of money of the tribe otherwise than "in stocks, bonds, mortgages, or other securities, approved by two thirds of the members thereof present as a regular council." Moreover, the by-laws of plaintiff could not be amended by a simple motion or resolution.

The decree of the court below annulled the deed from Gibson to the plaintiff, and did not provide for a reconveyance from the latter to the former. This on the theory that the transaction was fraudulent, and in equity the deed conveyed no title. The deed being annulled, the plaintiff was entitled to a return of the money or its equivalent.

The minutes of the proceedings of the tribe showing a disavowal of the transaction were admissible, notwithstanding the objection that "there was no allegation in the complaint of a tender of reconveyance." The complaint did not pray for a reconveyance, and none was ordered.

Judgment and order affirmed.

MYRICK, J., and ROSS, J., concurred.