[S. F. No. 1460.   Department One.—December 10, 1901.]

## J. H. G. HAENSEL AND WIFE, Appellants, v. PACIFIC STATES SAVINGS AND LOAN AND BUILDING COMPANY et al., Respondents.

BUILDING AND LOAN ASSOCIATIONS—ACCOUNTING—FORECLOSURE OF MORTGAGE—NOTICE TO WITHDRAW SHARES—TENDER—CROSS-COMPLAINT.—In an action by a stockholder in a building and loan association, who had borrowed money therefrom upon mortgage, to have an accounting of the amount due, and foreclosure only for such amount, and a cancellation of the mortgage, upon payment of the balance due, an allegation and finding of notice to the company of his desire to withdraw his shares, and to credit the same on the loan, and to be allowed to pay the balance due thereon, does not show such a tender as would discharge the lien of the mortgage or prevent a foreclosure thereof, upon cross-complaint of the mortgagee, and of subsequent mortgagees made parties defendant.

ID.—TIME TO PAY BALANCE—DEFAULT OF MORTGAGOR—OPTION OF MORTGAGEE TO FORECLOSE.—When the terms of plaintiff's mortgage gave the company the right to declare the whole indebtedness due when any default in any payment occurred, the mortgagor in default has no right to insist upon having a reasonable time fixed in the decree of foreclosure in which to pay the balance.

ID.—ATTORNEYS' FEES—LIEN UPON PROPERTY—TERMS OF MORTGAGES.— A mortgage which expressly makes attorneys' fees part of the costs of foreclosure, and authorizes the court to include them in its decree as secured by the mortgage, entitles the mortgagee to make them a lien or charge upon the property; but under mortgages which contain no such impost, but merely provide that a decree may be entered for a reasonable attorney's fee, an attorney's fee may be recovered, but cannot be included in the mortgage lien or made a charge upon the property.

APPEAL from a judgment of the Superior Court of Humboldt County. E. W. Wilson, Judge.

The facts are stated in the opinion.

Henry L. Ford, and J. S. Burnell, for Appellants.

G. W. Baker, for Pacific States Savings and Loan and Building Company, Respondent.

Ernest Sevier, and Denver Sevier, for Humboldt County Bank and John Johnson, Respondents.

CHIPMAN, C.—Plaintiff Haensel became a stockholder in defendant company to the extent of thirty shares, of the par value of $3,200. On these shares he had agreed to make certain monthly payments and to pay certain fines in default of prompt payment. After becoming a shareholder, he borrowed from the company, on June 8, 1891, under its regulations relating to loans to members, the sum of $1,500, in accordance with the terms of the bond and mortgage executed by himself and wife, set out in the complaint. He paid the monthly dues upon his said shares, and all fines imposed, and interest on the loan to August, 1895, but since said date he made no payments of any kind. He alleged in his complaint that he gave notice to the company that he desired to withdraw his shares of stock and accredit them on his loan, which the company's regulations permitted him to do, on certain conditions, and that he be

permitted to pay the balance due and have the mortgage canceled; that the amount then due was about $618.08; that the company refused, and still refuses, to accredit him with the moneys received by it, and refused, and still refuses, to account to plaintiffs for said moneys; that plaintiffs desire to pay any balance, "whenever said amount due on said loan shall be ascertained and fixed by the superior court," the company thereupon to cancel said mortgage. Plaintiffs executed a second mortgage to the defendant Humboldt County Bank, and a third mortgage to defendant Allard, and plaintiffs made the bank and Allard co-defendants, and set out their mortgages, and alleged that they are due and unpaid. They pray for an accounting with defendant company, for a credit on the mortgage of all payments made, and upon payments being made that the mortgage be canceled; that the court enter a decree granting plaintiffs a reasonable time in which to pay the amount found to be due the defendant company; and that plaintiffs and all persons claiming under them subsequent to the company's mortgage be foreclosed of all equity, etc. They ask that the mortgaged property be sold and the proceeds applied, first, to the payment of the company mortgage; second, the Humboldt Bank mortgage; and, third, the mortgage of Allard. By order of court, one Johnson was brought in as a defendant, as assignee of the Allard mortgage. The defendants all answered, and, by cross-complaints, the company, the Humboldt County Bank, and Johnson, asked to have their several mortgages foreclosed. The court found the amounts severally due to defendants on the mortgage indebtedness of each, and made full findings of fact, and entered the usual decree of foreclosure. Plaintiffs prepared and filed a bill of exceptions and assigned certain errors, but, as they make no mention of these in their brief, we assume that the appeal is here from the judgment and on the judgment-roll alone.

Appellants make but two points: 1. That the court erred in granting foreclosure of the company's mortgage, because they claim to have made tender of payment, and this discharged the lien; they also claim that the decree should have given them a reasonable time in which to pay the amount found to be due; and 2. That it was error to allow a lien on the mortgaged premises for attorneys' fees.

There is no merit in appellants' first point. The avowed ob-

ject, in part, of the action brought by them was to effect a foreclosure as well as an accounting. Defendants had a clear right by way of cross-complaint to ask foreclosure by the terms of their mortgages, under section 442 of the Code of Civil Procedure, even if plaintiffs' action had not contemplated foreclosure. The court found that plaintiffs "have made no payments whatever of any kind or character to defendant," the company, and that they "did not at any time pay or otherwise tender the amount due," except to notify the company of their desire to withdraw the said shares of stock and to accredit the same on the loan, and that they be allowed to pay the balance due thereon. This was not such tender as would prevent a foreclosure or discharge the lien, for, when the amount due on the mortgage was ascertained, there was but one way of enforcing it, and that was by foreclosure and sale,—and, indeed, that is precisely what plaintiffs, in part, asked in their prayer to have done. There are cases, such as contracts for the sale of land, where the court, on foreclosure being asked, will grant a reasonable time within which to pay the balance due, and on default the decree to be final. (See *Odd Fellows' Sav. Bank* v. *Brander,* 124 Cal. 255, and cases cited.)

But plaintiffs have made no such case as would warrant the court in depriving the company of its right to foreclose. The bond and mortgage gave the company the right to declare the whole indebtedness to be due when any default in any payment occurred. The findings are against plaintiffs and support the judgment. In their supplemental brief appellants say that "the main point involved in the case is the question of attorneys' fees." We infer that they place but little reliance on the point above mentioned.

As to appellants' second point, we think it well taken as to two of the mortgages, but not so as to the company's mortgage. Defendant company's mortgage, in its provisions, is similar to the mortgage in *O'Neal* v. *Hart,* 116 Cal. 69, where the express provision was that counsel fees should be regarded as part of the costs of a suit for foreclosure, and authorized the court to include them in its decree as a part of the obligation secured by the mortgage; the other two mortgages were given to secure the payment of promissory notes, and neither of them purports to give a lien on the mortgaged land for attorneys' fees.

The mortgages do, however, provide in each case, differing somewhat in terms, but agreeing in effect, that a decree may be entered for a reasonable attorney's fee. These two mortgages are similar to that in *Klokke* v. *Escailler,* 124 Cal. 297, and, we think, must be ruled by that case. As was there said, "While plaintiff (cross-complainants here) is entitled, upon proper showing, to recover attorneys' fees in his action, he is not entitled to have those fees included in the amount of the mortgage lien." The pleadings properly presented the issue as to attorneys' fees, and the court made findings as to the amount deemed reasonable in behalf of each defendant. The court erred, however, in charging a lien upon the property for the counsel fees in the two mortgages last referred to above. As the case stands, a new trial is not necessary; the error may be corrected by modification of the decree, as was done in *Klokke* v. *Escailler,* 124 Cal. 297.

It is advised that the judgment be so modified as to give to each of said defendants—to wit, Humboldt County Bank and John Johnson—a personal judgment for the amount found to be due each for attorneys' fees in the suit, but such amount not to be included in the amount of the mortgage lien, for the payment of which the property was ordered sold. In other respects the judgment should be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the judgment be so modified as to give to each of said defendants—to wit, Humboldt County Bank and John Johnson—a personal judgment for the amount found to be due each for attorneys' fees, but such amount not to be included in the amount of the mortgage lien, for the payment of which the property was ordered sold. In other respects the judgment is affirmed.          Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.