[S. F. No. 2092.    Department Two.—September 8, 1902.]

## SAN FRANCISCO MUTUAL LOAN ASSOCIATION, Respondent, v. WILLIAM BOWDEN et al., Appellants.

Mortgages upon Homestead—Substituted Mortgage—Fraud—Setting Aside Cancellation — Foreclosure. — Where mortgages upon a homestead, executed by husband and wife, were canceled, and a new mortgage for the balance due and to secure an additional loan upon the homestead premises and other individual property of the husband, executed by the husband alone, was substituted, induced by a fraudulent representation of the husband, that he was a "widower," made at the time of the application for the new loan, and in the new mortgage, the cancellation of the former mortgages was properly set aside and the new mortgage canceled, in so far as it included the homestead, and the original mortgages were properly foreclosed upon the homestead.

Id.—Pleading—Value of New Security—Injury from Fraud.—It was not required of the plaintiff to state the value of the additional property contained in the new mortgage, nor to show that he was injured by the fraud. He had a legal right to the original mortgages, and to foreclose them, and was not called upon to determine the value of the security fraudulently substituted.

Id.—Surrender of New Mortgage not Required.—The plaintiff was not required to surrender the new mortgage before maintaining the

---

[1] 6 Am. Rep. 105.

action. He had a right to enforce it against the property included in it other than the homestead premises.

ID.—EVIDENCE—FALSE REPRESENTATION—MEMORANDUM UPON APPLICATION FOR NEW LOAN.—The secretary of the plaintiff, who testified to a representation made by the husband at the time of the application for the new loan that his wife had died, had the right to include in his testimony a memorandum, then indorsed by himself upon the application, designating him as "widower," and such memorandum was admissible for reference, in connection with the testimony of the witness; and where the mortgage, in the body of it, contained the same designation, which was not explained by the husband, he was not in position to dispute the fact of such representation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

Reddy, Campbell & Metson, Campbell, Metson & Campbell, Ira D. Orton, and N. B. Frisbie, for Appellants.

Naphtaly, Freidenrich & Ackerman, for Respondent.

McFARLAND, J.—This is an appeal by the defendants William Bowden and his wife, Catherine Bowden, from a judgment in favor of plaintiff.

The purpose of the action was to obtain a decree setting aside the cancellations made by plaintiff of two certain mortgages executed by the defendants Bowden and wife to plaintiff on certain described lands on Filbert Street, in San Francisco, which at the date of the mortgages were, and still are, the homestead of said defendants. One of the mortgages was executed in January, 1883, to secure one thousand dollars, and the other in May, 1888, to secure six hundred dollars; and at the date of each of said mortgages defendants also pledged to plaintiff, as additional security, certain shares of the capital stock of plaintiff.

It is averred in the complaint, and found by the court, that on December 20, 1892,—the money secured by said mortgages being unpaid excepting interest,—the defendant William Bowden, wishing to borrow some more from plaintiff, and designing to fraudulently induce plaintiff to cancel said mortgages,

falsely and fraudulently represented to plaintiff that his wife, the defendant Catherine, was dead, and that therefore the title to said mortgaged homestead premises had vested solely in him. The plaintiff, deceived by said representation, consented to release said mortgages, and took a mortgage of said William alone for the money still due thereon. William had theretofore also given a mortgage to plaintiff upon land owned by him on Havens Street, in San Francisco. The parties then calculated the amount due on said mortgages, after deducting the surrender value of said stock; and it was found that the amount so due, together with the additional loan desired by said defendant, aggregated eighteen hundred dollars. Thereupon defendant William Bowden gave to plaintiff his note for the amount, and also a mortgage executed by himself alone to secure it, upon the said homestead premises, and also upon the lot on Havens Street; and plaintiff entered of record a cancellation of the former mortgages, and delivered to William the notes secured by them. Plaintiff would not have done these things ''if it had known that said Catherine Bowden was then living and that said William Bowden was not a widower.'' Plaintiff did not discover that Catherine was not dead until it commenced an action on the individual mortgage of William Bowden, a short time before the commencement of the present action. The evidence supports the findings of the court.

The judgment rendered is, upon the merits, a just one. It sets aside the cancellation of the homestead mortgages, and forecloses them for the amount still due thereon, and orders that this amount be credited on the said mortgage of William Bowden, of December 20, 1892, and cancels the latter mortgage in so far as it covers the homestead premises. But appellants attack the judgment for certain alleged irregularities and defects connected with the pleadings, evidence, etc.

It is contended that the judgment cannot stand because there is no express averment or finding that plaintiff was injured by the fraud,—that is, that there is no averment that the land on Havens Street, included in the mortgage executed by William Bowden, was not sufficient security for the money secured by the homestead mortgages. This contention, however, is not tenable. As matter of legal right, plaintiff was entitled to its original mortgages, and to foreclose them, and

was not called upon to determine the value of the security which had been fraudulently substituted.

It was not required of plaintiff to surrender the mortgage executed by William Bowden alone before being entitled to bring this action; that mortgage included other property than the homestead, and was, in part, to secure money other than that involved in the homestead mortgages, and the decree of the court leaves appellants entirely unprejudiced on that subject.

Plaintiff's witness Sbarboro, its secretary, testified to the representation of William Bowden that his wife had died, and that at the time of the representation he (Sbarboro) wrote on the back of Bowden's application for the loan the words "William Bowden, widower"; and appellants contend that the court erred in admitting in evidence the application with this indorsement of "widower" on it. We do not think that this was error. It was a memorandum made by the witness at the time of the occurrence testified to, and was admissible under the principle which allows such memorandum to be referred to. Moreover, in the body of the mortgage itself Bowden is described as "widower"; and as he made no attempt to explain how that designation occurs there, he is in a poor position to dispute the fact.

There are no other points which we deem necessary to discuss.

The judgment is affirmed.

Temple, J., and Henshaw, J., concurred.