[Civ. No. 4095. Third Appellate District.—May 20, 1930.]

WILMA S. KRUKOW et al., Respondents, v. F. D. SILVIUS et al., Appellants.

Albert G. Payne and Howard C. Cameron for Appellants.

Evens, Pearce & Campbell and Earl Oakley for Respondents.

PLUMMER, J.—The plaintiffs had judgment against the defendant F. D. Silvius for the foreclosure of a certain mortgage mentioned in the pleadings, and also to recover the amount alleged to be due upon a certain promissory note for the security of which the mortgage just referred to was executed and delivered. From this judgment the defendant F. D. Silvius appeals.

Upon this appeal four propositions are urged as reasons for reversal: 1. That the finding of the trial court that the note for which the mortgage was given was unpaid, was not supported by the testimony; 2. That the court erred in admitting the note and mortgage sued upon, in evidence; 3. That the court erred in admitting two letters in evidence; 4. That the trial court erred in permitting the substitution of parties-plaintiff.

As to the first specification the finding of the court is: "That nothing has been paid upon the principal of said note, and that the principal sum thereof, $1800.00, is now wholly due and unpaid. That nothing has been paid upon the interest upon said promissory note since the 14th day of May, 1925, and that said interest is now wholly due and unpaid. That the amount due at the time of making the finding relative thereto was and is the sum of $2,777.53."

A reference to the testimony shows that the note and mortgage belonged to the plaintiffs, and constituted a part of their estate as minors; that one Jennie E. Krukow had been for some time, and was at the institution of this action, the duly appointed, qualified and acting guardian of the persons named as plaintiffs in this action. The testimony of the guardian is to the effect that no payments were made upon the principal sum due on said note, and that no interest was paid after the date mentioned. After the beginning of this action the estate of the parties named as plaintiffs in this action was settled, the guardian ordered to transfer to the plaintiffs all of the estate for which she had been acting as guardian, and the property was thereupon transferred to the plaintiffs, including the note and mortgage involved in

this action. The testimony of the plaintiffs in this action shows that after the transfer, nothing was paid to them upon the note and mortgage referred to. That the trial court erred in admitting the note and mortgage in evidence is without merit, but whether they constituted valid and subsisting obligations will be considered further .on.

 Objection No. 3 relates to two letters which were admitted in evidence, one letter reciting that a check hereinafter referred to was returned to the defendant F. D. Silvius. The other was a demand for payment of the note. Whether the ruling was correct or incorrect is wholly immaterial, as no damage resulted therefrom. The record shows, and it apparently stands admitted that the check referred to in the letter was returned to the defendant F. D. Silvius and retained by him. The demand for payment of the note in controversy could not possibly result in any prejudicial error. The court having found that the note and mortgage were subsisting obligations, demand for payment would amount to nothing more than a reminder of the existence of the obligations. The objection to the testimony was that the two letters referred to were copies of the original, and that no demand was made for the originals before introducing the copies. While considerable space has been given in the briefs relative to these two letters, we will content ourselves simply with the statement that even if erroneously admitted, no prejudice could possibly result.

Appellants set out in their brief all the amended pleadings, the petition for substitution of parties, and some of the mistakes in the caption of the pleadings.

[4] The facts disclosed by the record are as we have stated, that this action was begun by the guardian of the plaintiffs. In the action originally instituted, the title read: "Jennie E. Krukow, as the duly appointed, qualified and acting guardian of the persons and estate of Wilma S. Krukow and Walter R. Krukow, minors." Through the various transmutations of the parties affected by reason of the supplemental complaints and pleadings filed in the action, Wilma S. Krukow and Walter R. Krukow appeared as plaintiffs without the aid of any guardian. The pleadings all the way through show the real parties in interest and that the property involved was a part of the estate of the plaintiffs in this action. The note in question, so far as material, reads

as follows: "Three years after date, for value received, I promise to pay to Jennie E. Krukow, guardian for the minor heirs, Wilma S. Krukow and Walter R. Krukow." This was the note secured by the mortgage, and whether the rulings of the court by which the persons named in the note became the parties plaintiff were in error, no prejudice could possibly result to the defendants, and section 4½ of article VI of the Constitution applies. This section specifies that no error as to any matter of pleading shall effect a reversal unless prejudice has resulted. ■ Even though, as alleged by the appellants, that the plaintiffs in this action were not minors at the time of its institution, nothing appears by which appellants can complain. The estate of the plaintiffs had not yet been transferred to them; it was still under the control of the person who had been, and was, up to the time of her discharge after this action was begun, legally appointed and acting as guardian, and prior to her discharge she had a legal right to institute the action, and after her discharge and the transfer of the property in her custody to the plaintiffs herein, we think the proper proceeding was to substitute the persons named herein as plaintiffs, without the intervention of a guardian. ■ There is some contention made that the guardian was married during the course of the proceedings, and that she bore a different name from that of "Krukow." Here, again, no prejudice has been suffered by the appellants, as the pleadings throughout show the real parties in interest, Wilma S. Krukow and Walter R. Krukow. To hold otherwise would be to ignore matters of substance and give effect to the barest technic.

■ Objection No. 2, that the court erred in admitting the note and mortgage in evidence, is based upon the fact that the official records of Los Angeles County show that the mortgage was once marked "satisfied." This action was brought to set aside and cancel the release just referred to, for judgment in the amount due upon the promissory note, and for foreclosure of a mortgage heretofore referred to, given to secure the payment of the note. It is based upon the allegation that a satisfaction of the mortgage was delivered to the defendant F. D. Silvius by mistake, and by him acting upon such mistake, fraudulently filed it for record, and the mortgage in this manner marked "satisfied."

The 15th, 16th and 17th findings of the court sufficiently disclose the transaction without our setting forth the testimony, and all we need to state is that such findings are fully supported by the testimony, and show that the satisfaction of mortgage involved in this action was delivered to the defendant F. D. Silvius under mistake; that he knew of such mistake; knew that he had no right to the satisfaction of mortgage, and therefore, the recording of the same by him was fraudulent and should be held void. It appears that a transaction had been entered into between Jennie E. Krukow acting as guardian for the plaintiffs in this action, whereby a satisfaction of the mortgage involved herein had been placed in the custody of the bank referred to in the findings, with directions to deliver the same to F. D. Silvius upon his paying the full sum of money due thereon, and that F. D. Silvius obtained possession of said satisfaction of mortgage not by paying the full sum due thereon, but by leaving a receipt for an alleged claim which he had against the estate of one Lewis G. Krukow, which, of course, was not, whether valid or otherwise, a claim against the estates of the minors. The trial court held that such claim was without any validity. The findings referred to, supported by the evidence, and showing the right of the plaintiffs to prevail in this action, are as follows:

"That thereafter and on or about the 2nd day of September, 1925, the defendant F. D. Silvius, did present to the said WM Goss, as an officer of the said Glendale Branch of the Security Trust and Savings Bank, a corporation, a certain alleged claim against the estate of Lewis G. Krukow, deceased, for services rendered as administrator of said estate in the sum of Six Hundred Twenty and no/100ths ($620.00) Dollars as an offset against the note secured by mortgage, hereinabove referred to; that said F. D. Silvius did further present a certain check in the sum of Twelve Hundred Eighteen and 15/100ths ($1218.15) Dollars, drawn on the Western Avenue Branch of the California Bank, Los Angeles, California, and payable to the said Glendale Branch of the Security Trust and Savings Bank, a corporation. That the said Security Trust and Savings Bank, a corporation, by and through its said officer and employee, Wm. Goss, did refuse to accept said claim and said check as payment of said note secured by mortgage. That said Glendale

Branch of the Security Trust and Savings Bank, a corporation, did through its officer and employee, Wm. Goss, inform said F. D. Silvius that the said alleged claim and said check would be received by them subject to the following conditions: That said Glendale Branch of the Security Trust and Savings Bank, a corporation, would ascertain from the said Jennie E. Krukow, acting as guardian of the estates of Wilma S. Crawford, then Wilma S. Krukow, and Walter R. Krukow, minors, if said alleged check and claim would be accepted by said guardian, as aforesaid, in payment of the note and mortgage, hereinabove referred to.

"That said offer of F. D. Silvius was refused by the said Jennie E. Krukow, acting as said guardian, as aforesaid, and was never accepted by her.

"That said F. D. Silvius did deposit said check and said alleged claim with one E. H. Galvin, another employee of the said Glendale Branch of the Security Trust and Savings Bank, a corporation, and did obtain said satisfaction of mortgage from said bank, with the knowledge that said Glendale Branch of the Security Trust and Savings Bank, a corporation, was not authorized to deliver said note and mortgage or said satisfaction of said mortgage upon said offer of said check and claim as aforesaid, and did obtain said satisfaction of said mortgage without the knowledge and consent of the plaintiffs herein, or their representative, Jennie E. Krukow, as guardian of said estates, and without the knowledge or consent of the said Glendale Branch of the Security Trust and Savings Bank, a corporation."

The recording of the satisfaction of mortgage under such circumstances, where no innocent parties are involved, of course availed the defendant nothing. The following authorities sufficiently establish the law in this regard: 41 C. J., p. 822, par. 992; *Red Jacket Tribe* v. *Gibson,* 70 Cal. 128 [12 Pac. 127]; *Martin* v. *De Ornelas,* 135 Cal. 41 [72 Pac. 440]; *San Francisco Mutual Loan Assn.* v. *Bowden,* 137 Cal. 236 [69 Pac. 1059].

The judgment of the trial court is affirmed.

Finch, P. J., and Thompson (R. L.), J., concurred.